IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT GARY MOORE,

    Petitioner,

v.

                                    Civil Action No.: JKB-20-512

STATE OF MARYLAND,

    Respondent.

## MEMORANDUM ORDER

Petitioner Robert Gary Moore's Petition for Writ of Habeas Corpus was received by the court on February 26, 2020. ECF No. 1. Respondent filed an Answer on November 2, 2020 contending that Moore's claims lack merit.[1] ECF No. 16. After considering the pleadings, exhibits and applicable law, the Court concludes that jurisdiction over this matter is questionable, and Respondent should submit a brief addressing jurisdiction and supplement the record as instructed herein.

Based on offenses that occurred on November 3, 2009, Moore was found guilty after trial by jury on November 9, 2011 in the Circuit Court for Baltimore City of one count of possession with intent to distribute cocaine and one count of possession of cocaine. ECF Nos. 16-3 at 179; 16-5 at 79–80. On March 19, 2012, Moore was sentenced to eight years' imprisonment. ECF 16-6 at 17. Based on a series of shootings that occurred in 2011, Moore was separately convicted in November of 2013 in the Circuit Court for Baltimore City on one count of first degree murder,

---

[1] Respondent originally filed a Limited Answer on June 26, 2020 arguing that Moore's petition was unexhausted because his application for leave to appeal was pending with the Court of Special Appeals. ECF No. 6. Moore advised the Court on August 25, 2020 that his application for leave had been denied. ECF No. 10.

four counts of attempted first degree murder, and five counts of use of a handgun in a crime of violence. He received six consecutive life sentences plus one hundred years. *Moore v. State*, No. 2522 Sept. Term 2013, 2016 WL 3365837 (Md. Ct. Spec. App. June 16, 2016).

Moore's Petition before this Court challenges his 2012 convictions for possession with intent to distribute cocaine and possession of cocaine. By the time Moore filed his habeas Petition, it appears that the eight-year sentence for these offenses may have expired, and he was only in custody on the 2013 convictions for which he is serving six consecutive life sentences plus one hundred years.

The federal habeas statute gives the district courts of the United States jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); *see also* 28 U.S.C. § 2254(a). The statutory language requires that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). A habeas petitioner is not in state custody if his state sentence has fully expired at the time he files his habeas petition. *Id.*

It is unclear whether Moore's sentence for possession with intent to distribute cocaine and possession of cocaine fully expired on the date he filed his habeas petition. Without this information the Court cannot determine if it has jurisdiction over this matter.

Accordingly, it is hereby ORDERED, by the United States District Court for the District of Maryland, that:

1. Respondent is directed TO FILE a response addressing the "in custody" requirement of 28 U.S.C. § 2241(c)(3) and whether the Court has jurisdiction over this matter by no later than **December 16, 2022;**

2. Respondent SHALL SUPPLEMENT the record with all documentation supporting their position.

3. Petitioner may submit a reply within thirty (30) days of the submission of Respondent's response.

Dated this 29 day of Nov., 2022.

FOR THE COURT:

James K. Bredar
Chief Judge